UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JEWEL UPSHAW, JEWEL UPSHAW, AS THE PERSONAL REPRESENTATIVE FOR THE ESTATE OF ZENA RAY UPSHAW a.k.a. ZENA R. UPSHAW, ZENA UPSHAW AND ZENA "ZEKE" UPSHAW, DECEASED**, <br><br> Plaintiffs, <br><br> vs. <br><br> **NATIONAL BASKETBALL ASSOCIATION, DETROIT PISTONS BASKETBALL COMPANY, SSJ GROUP LLC, THE DELTAPLEX ARENA**, <br><br> Defendants. | 2:18-CV-13301-TGB <br><br> ORDER TRANSFERRING CASE |

## I. Background

Zena "Zeke" Upshaw ("Mr. Upshaw") was a professional basketball player in the "G-League," the official minor league of the NBA, for the Grand Rapids Drive. On March 24, 2018, during the final minutes of the team's last regular season game, in which the Drive defeated the Long

Island Nets to earn a play-off spot, Upshaw collapsed at the DeltaPlex Arena in Grand Rapids and was taken off the court. Mr. Upshaw died two days later. On October 22, 2018, Mr. Upshaw's mother, Plaintiff Jewel Upshaw, individually and as personal representative for the Estate of Mr. Upshaw, filed a ten-count Complaint in the United States District Court for the Eastern District of Michigan. Defendants are the National Basketball Association ("NBA"), Detroit Pistons Basketball Company ("Pistons"), SSJ Group, LLC ("SSJ")[1], and DeltaPlex Arena ("DeltaPlex"). Plaintiff alleges that Defendants failed to administer adequate emergency medical treatment when Mr. Upshaw collapsed on the court, ultimately resulting in his death. Plaintiff also claims that Defendants should not have allowed Mr. Upshaw to play basketball, knowing that his medical condition made it dangerous, and should have disclosed Mr. Upshaw's concerning medical information to him. Plaintiff states the following causes of action in her Complaint:

1. Negligence and gross negligence against Defendants Pistons and SSJ;

2. Negligence and gross negligence against Defendant DeltaPlex;

---

[1] SSJ is the private company that—together with the Pistons—co-owns the Grand Rapids Drive team.

3. Negligence and gross negligence against Defendant NBA;

4. Negligent misrepresentation by omission against Defendants NBA, Pistons, and SSJ;

5. Fraudulent concealment against Defendants NBA, Pistons, and SSJ;

6. Fraud by omission/failure to warn against Defendants NBA, Pistons, and SSJ;

7. Intentional misrepresentation against Defendants NBA, Pistons, and SSJ;

8. Wrongful death and exemplary damages against all defendants;

9. Intentional infliction of emotional distress—bystander recovery against all defendants; and

10. Negligent infliction of emotional distress—bystander recovery against all defendants.

Defendants jointly move to transfer this case to the United States District Court for the Western District of Michigan in Grand Rapids, where the incident occurred. ECF Nos. 14, 29, 36, 37. Plaintiff opposes transfer. Having considered the relevant factors, the Court concludes that the case should be transferred and accordingly **GRANTS** Defendants' Motions.

## II. Analysis

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

A district court should consider several factors when adjudicating a motion to change venue: "(1) whether the action could have been brought in the proposed transferee district, (2) whether a transfer would promote the interests of justice, and (3) whether a transfer would serve the parties' and witnesses' convenience." *IFL Group, Inc. v. World Wide Flight Services, Inc.*, 306 F. Supp. 2d 709, 712 (E.D. Mich. 2004) (citations omitted). Defendants must demonstrate that "fairness and practicality strongly favor the forum to which transfer is sought." *Id*. With respect to the first prong, whether the action could have been brought in the proposed transferee district, both Defendants and Plaintiff recognize that this action could have been brought in the Western District of Michigan, so the first prong of the test is satisfied.

As to the second and third prongs, several additional factors also guide the district court's determination of whether a transfer would

promote the interests of justice and serve the convenience of the parties. These include:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Id.* (citing *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000)).

As to the first factor, Plaintiff's claims arise from an event that took place in Grand Rapids, Michigan, the seat of the federal district court for the Western District of Michigan. Witnesses are likely to include the attendees at the game at the DeltaPlex and hospital staff who treated Mr. Upshaw. All these witnesses are ostensibly non-parties to the case and not employees of any defendant. Venue in the Western District of Michigan would be more convenient for these witnesses. Indeed, with respect to factor six, it would be more difficult to compel the attendance of unwilling witnesses if this trial were held in the Eastern District of Michigan. Fed. R. Civ. P. 45(c) states that a subpoena may compel a

witness' attendance only within 100 miles of where that person "resides, is employed, or regularly transacts business in person" or within the same state where the person resides, is employed, or regularly transacts business in person if the person "is a party or a party's officer; or is commanded to attend a trial and would not incur substantial expense." Grand Rapids, Michigan is over 100 miles from Detroit, Michigan. It would therefore be difficult or impossible—depending on the circumstances—to compel the attendance of unwilling witnesses at proceedings in Detroit.

Plaintiff lists five potential witnesses residing in the Eastern District of Michigan. Response, ECF No. 34 PageID.661. But all these potential witnesses appear to be employees of Defendants. Therefore, as Plaintiff herself states, these witnesses are presumptively able to testify and travel to either forum. The residence of these five witnesses does not outweigh the inconvenience to the many non-party witnesses who presumably reside in the Western District of Michigan.

As to the second factor, there is no indication that either venue would provide easier access to documents or other sources of proof.

The third factor—the convenience of the parties—cuts in favor of transfer on balance. All Defendants seek transfer to the Western District, indicating that this would be more convenient for them. Because Plaintiff resides outside of Michigan, the burden of inconvenient travel on the Plaintiff will be roughly the same regardless of whether the case is transferred. "[W]here the plaintiff does not reside in the chosen forum, courts assign less weight to the plaintiff's choice." *Means v. United States Conference of Catholic Bishops*, 836 F.3d 643, 651 (6th Cir. 2016) (citations omitted). This applies to the eighth factor—Plaintiff's choice of forum—as well as the third.

As to factor four, the locus of operative facts is plainly in the Western District—that is where the incident that generated this suit took place.

Factors six and seven are neutral; there is no indication that either party lacks the means to travel to either forum and the fora are equally familiar with governing law.

Upon consideration of all the relevant circumstances, the Court concludes that fairness and practicality strongly favor transfer to the Western District of Michigan. Defendants' Motions to Transfer (ECF Nos.

14, 29) are **GRANTED**. The Clerk of the Court is **ORDERED** to transfer the matter to the United States District Court for the Western District of Michigan, Southern Division. The pending Motions to Dismiss (ECF Nos. 13, 24, 26) and Motion to Seal (ECF No. 22) are **DENIED AS MOOT** and the case is closed.

**SO ORDERED.**

DATED April 30, 2019.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge